**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LOUIS J. FREEH, et al.,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 4:14-1310** |
| **v.** | : | **(MANNION, D.J.)** |
| **GRAHAM B. SPANIER,** | : | |
| **Defendant** | : | |

# M E M O R A N D U M

On July 7, 2014 plaintiffs Louis J. Freeh and Freeh, Sporkin, and Sullivan LLP filed a complaint in which they seek declaratory judgment because of uncertainty about their right to remove an action filed by defendant Graham Spanier in the Court of Common Pleas of Centre County. Spanier served a writ of summons, but no complaint, on defendants on July 11, 2013. Rather than filing a complaint, he moved to stay the case until an underlying criminal case against him is resolved. The stay was granted. Plaintiffs are concerned that the absence of a complaint leaves their ability to remove the case pursuant to 28 U.S.C. §1332 in limbo, as 28 U.S.C. §1446(c)(1) requires that a case removed on the basis of diversity jurisdiction must be removed within one year of the commencement of the action. Plaintiffs believe that because no complaint has been filed, the action has not yet been commenced, but are concerned that the court may interpret the rule differently. Having unsuccessfully attempted to force Spanier to file a complaint in state court, plaintiffs brought this action seeking a

declaratory judgment that (1) the one-year limitation period of §1446(c)(1) does not apply to their case because no complaint has been filed, or (2) to the extent that the court finds that the one-year limitation period applies, that it should be equitably tolled during the time the Centre County action is stayed. On July 9, 2014, plaintiffs filed a notice of removal of the Centre County action to this court. Spanier v. Freeh, et al., 4:14-cv-1316 (MEM), Doc. 1.

The court finds that any need for declaratory judgment on the matters of removal has been obviated by the filing of the notice of removal of the Centre County action. Accordingly, the court will dismiss the declaratory judgment complaint and close the case.

## I.   LEGAL STANDARD

The Federal Declaratory Judgment Act, 28 U.S.C.A. §2201 et seq., allows litigants to petition a federal court to declare their rights. For a declaratory judgment to be justiciable under Article III of the United States Constitution there are three criteria that must be met: (1) the plaintiff has standing, (2) the issues presented are ripe for judicial review, and (3) the case is not rendered moot at any stage of the litigation. Purdue Pharma. Products, L.P. v. Actavis Elizabeth, LLC, 2014 WL 1394178, at *4 (D.N.J. Apr. 9, 2014)(*citing* Caraco Pharm. Labs., Ltd. v. Forest Labs., Ltd., 527 F.3d 1278, 1291 (Fed.Cir. 2008)). "Mootness asks whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." Capozzi v.

Bledsoe, 560 F.App'x 157, 159 (3d Cir. 2014)(*citing* Ehrheart v. Verizon Wireless, 609 F.3d 590, 596 (3d Cir. 2010)). "If developments occur during the course of adjudication that ... prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Id. Mootness is a jurisdictional issue, and as such may be addressed by the court sua sponte. Chong v. District Director, I.N.S., 264 F.3d 378, 383 (3d Cir. 2001)(*citing* Steel Co. v. Citizens for a Better Envir., 523 U.S. 83, 90 (1998)).

## II.   DISCUSSION

The sole relief sought by plaintiffs in this declaratory judgment action is the entry of a declaration that their right to remove is not governed by the provisions of 28 U.S.C. §1446, or alternatively, that the application of that rule should be tolled by the stay of the proceedings in the Centre County case. (Doc. 1). The question of how much time plaintiffs have until they must remove the case is now moot, as the removal in question has already occurred. Moreover, the conditions of the case as it was unfolding in Centre County are subject to change now that the case has been removed to this court. Thus, the underlying case and the appropriateness of its removal are actively being litigated as a consequence of action taken by the plaintiffs here, and the questions governing timeliness of removal are no longer active.

Moreover, plaintiffs' declaratory judgment complaint focuses on the potential harm they may face if their right of removal was time-barred as of July

11, 2014. But plaintiffs removed the case before that date, making the hypothetical circumstances they posed in the declaratory judgment complaint contrary to the facts as they have actually occurred. Furthermore, questions have been raised about whether diversity jurisdiction may properly be invoked in the case, further diminishing the appropriateness of this court issuing a declaratory judgment on the questions of removability in this matter. For the above reasons, the court cannot grant the relief requested in a meaningful way in light of the actual removal of the underlying action. Accordingly, the declaratory judgment complaint is **DISMISSED**.

Because the court has determined that the issues are moot, the court need not discuss whether the other requirements necessary to bringing a motion for declaratory judgment are met, nor whether the relief requested amounts to nothing more than an improper request for an advisory opinion by the court.

## III.   CONCLUSION

Because the issues over which plaintiffs seek declaratory judgment are moot and the requested relief cannot be granted, the declaratory judgment complaint is **DISMISSED**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 15, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1310-01.wpd